LAYTON AND LAYTON, INCORPORATED, a corporation of the State of Delaware, *vs.* DANIEL W. LAWSON.

1. PLEADING—MOTION FOR JUDGMENT—AFFIDAVIT OF DEFENSE—CONCLUSIVENESS.

On motion for judgment notwithstanding affidavit of defense, the averments of the affidavit must be taken as true.

2. JUDGMENT—AFFIDAVIT OF DEFENSE—SUFFICIENCY.

An affidavit that defendant believes he has a legal defense to the whole of plaintiff's cause of action, in that on a specified date plaintiff previously obtained judgments against defendant in the same court and on the same cause of action, and that such judgments remain open and unsatisfied, whereby plaintiff is estopped to prosecute the suit, is sufficient as an affidavit of defense.

(*April* 10, 1913.)

Judges WOOLLEY and RICE sitting.

*Daniel J. Layton, Jr.*, for plaintiff.

*Woodburn Martin* for defendant.

Superior Court, Sussex County, April Term, 1913.

ACTION, SUMMONS CASE (No. 18, April Term, 1913) by Layton and Layton, Incorporated, against Daniel W. Lawson to recover an amount alleged to be due on a book account. On motion of plaintiff for judgment notwithstanding an affidavit of defense motion overruled.

Plaintiff filed an affidavit of demand in due course, with copy of cause of action, consisting of various items of book account entries charged against the defendant.

On April 10, 1913, the defendant filed an affidavit of defense, alleging "that he verily believes there is a legal defense to the whole of the cause of action in the said suit, the nature and character of which defense is:

"That the said plaintiff previously, to wit, on December 10, 1912, obtained judgments against this defendant in this Honorable Court upon the same cause of action on which this suit is founded, the said judgments being now open and unsatisfied, whereby he is estopped from prosecuting this suit."

*Layton* for plaintiff moved for judgment notwithstanding the affidavit of defense; on the ground that said affidavit

was not sufficiently specific; that it did not set forth the facts with sufficient particularity so that the court could ascertain whether or not those facts, if true, would constitute a legal defense to the plaintiff's cause of action; there was no statement of the numbers of the judgments referred to, or the term at which they were recovered, whether by confession, suit or otherwise; and no amount is mentioned.

*Per Curiam:* For the purposes of this motion the averments of the affidavit must be considered to be true, and, if true, the defense of former recovery as set forth in the affidavit was sufficiently stated to preclude judgment upon the affidavit of demand at the first term.